|   | HONORABLE RONALD B. LEIGHTON |
|---|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| AMERICAN FAMILY MUTUAL INSURANCE COMPANY SI, | CASE NO. C18-5979RBL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KIMBERLY BELL, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff American Family's Motion for Summary Judgment [Dkt. # 16] American Family's insured, Bell, is the defendant in a state court tort action. The plaintiff there, Dye, claims Bell "knowingly, intentionally, or negligently exposed him to a sexually transmitted disease." Kurkoski Dec. Dkt. # 17 at Ex. 1.

Bell sought coverage and a defense from American Family under her homeowners policy. American Family brought this Declaratory Judgment action and now seeks a judgment as a matter of law that it has no duty to defend or indemnify Bell based on Dye's allegations and on the policy's definition of bodily injury ("bodily injury does not include exposure to disease transmitted through sexual contact"), and on its exclusion for occurrences arising out of "sexual

ORDER - 1

contact, regardless of intent to cause injury." Kurkoski Dec. Dkt. # 17 at Ex. 2 at pp. 16 and 29 (pages 1 and 14 of the policy).

Bell has not appeared or responded to the Motion, and is in default. Dkt. # 19. Dye has not appeared or responded.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must ***view all evidence in the light most favorable to the nonmoving party*** and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on

allegations in the pleadings, that there remain genuine factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Interpretation of an insurance contract is a question of law." *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 52 (2007). Terms are to be interpreted as the "average person purchasing insurance" would understand them. *Id*. While the insured has the burden of proving that claims fall within a grant of coverage, the insurer has the burden of proving that an exclusion bars coverage. *See McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 731 (1992). The duty to defend is broader than the duty to indemnify, and arises at the time the action is filed based on the potential for liability. *Woo*, 161 Wash. 2d at 52. "If the insurer is unsure of its obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wash. 2d 751, 761 (2002).

In Washington, in a declaratory judgment action, the duty to defend is determined by the facts alleged in the complaint. *Indian Harbor Ins. Co. v. Transform LLC*, 2010 WL 3584412, at *3 (W.D. Wash. Sept. 8, 2010) (citing *Holland Am. Ins. Co. v. Nat'l Indem. Co.*, 75 Wash. 2d 909, 911 (1969)). The insurer is permitted to use the "eight corners rule" to determine whether, on the face of the complaint and the insurance policy, there is an issue of fact or law that could conceivably result in coverage under the policy. *See Xia v. ProBuilders Specialty Ins. Co.*, 188 Wn.2d 171, 182, 400 P.3d 1234, 1240 (2017) (internal citations omitted). If there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend. *Id*. "[I]f a complaint is ambiguous, a court will construe it liberally in favor of triggering the insurer's duty to defend." *Woo*, 161 Wash. 2d at 53. Although an insurer may look outside the complaint if the allegations are contradictory or ambiguous, or if coverage is unclear, the

insurer may only rely on extrinsic facts to *trigger* the duty to defend. *Grange Ins. Ass'n v. Roberts*, 179 Wash. App. 739, 752 (2013) (quoting *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 52-54 (2007)). "After obtaining a declaration of noncoverage, an insurer will not be obligated to pay from that point forward." *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wash. 2d 872, 885 (2013) (internal quotations omitted).

American Family has met its summary judgment burden of demonstrating that its policy number 46-BV2152-01does not conceivably cover Dye's allegations against its insured, Bell, in Pierce County Cause No. 18-2-11732-7. Its Motion for Summary Judgment seeking a declaratory judgment to this effect is GRANTED, and the clerk should enter a judgment in Plaintiff American Family's favor.

IT IS SO ORDERED.

Dated this 3rd day of June, 2019.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge

ORDER - 4